Daniel, Jüdge.
 

 Yarborough, on the 2Íst of June, Í837, executed a deed to Richmond, in trust to sell the property and pay a debt due from the grantor to one Williams, and then pay the surplus to the grantor
 
 or
 
 his assigns. The property mentioned in the deed is particularly described; among which are two slaves, named Parmelia and Dorothy. On the 22d of June, 1837, Yarborough executed to the plaintiff, as trustee, a deed of trust to sell, and pay a specified number of his creditors: This deed covered all the property described in the aforementioned deed to Richmond; but the slaves Parmelia and Dorothy are not in this deed particularly named; but, after describing certain property, it contains these words “and all other property, either real or personal, which the said Joseph Yarborough may now be in possession of.” These words, we think, caí ry the two slaves Parmelia and Dorothy. Both deeds were duly registered, and that to the plaintiff on the day after it bears date. The defence set up is, that Yarborough intended to have secured by the deed to Richmond three debts to other creditors, who are not named theiein; and was prevented from doing so by not having the amount of the debts, and that he then declared his intention to secure them,- when he could come to a settlement with the creditors, by giving orders on the trustee to he paid out of the surplus: in fulfilment of which intention, he gave orders to those creditors at days subsequent to his deed to Palmer. This defence, we are
 
 *312
 
 obliged to say, cannot be sustained. What might have keen the effect of an agreement between Yarborough, those creditors, and the trustee, to the purpose intended by Yarborough, we need not now say, because it is not pretended there was such an agreement. As a mere intention on the part of the debtor, it could have no operation, until carried out by some formal and legal act on his part; and from the power to do such an act, he cut himself off by executing the deed to the plaintiff.
 

 We are of the opinion that the plaintiff would, under the facts which appear in the cause, be entitled to a decree for an account, if the trustee Richmond was before the court; but he is not. An answer is put in for him by a man, who says he is his agent, and that he transacted the business for him, as Richmond, the trustee, was out of the State. This agent is not made a party by the bill, and his answer cannot be noticed by us. We have, however, said thus much, on the supposition that a declaration made by the court on the construction of the' deeds, might probably be
 
 all that
 
 was wanted by the parties, at present.
 

 Per Curiam. Decree accordingly.